IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE  NO. 5:07CR661 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BOYKO |
| v. | ) | |
| | ) | |
| CHAD BALDWIN, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States has moved for an Order from this court authorizing the

United States to provide notice by publication to the large number of potential

crime victims in this case in satisfaction of its obligations under the "Crime

Victims' Rights Act." 18 U.S.C. §3771.

The court finds the government's motion well taken.

Pursuant to Title 18, United States Code §3771(a), crime victims in federal

cases have specific rights, including the right to "reasonable, accurate, and timely notice" of public court proceedings.  18 U.S.C. §3771(a)(2).

In this case, the potential victims of the charged mail fraud scheme are the individuals who purchased memberships in Midwest Direct as a result of false and fraudulent pretenses, representations and promises made by the defendants in this case.  These numerous individuals have not been fully identified and located.  The United States estimates that Midwest Direct sold over approximately 7000 memberships at Oakwood Village, Ohio and North Canton, Ohio from October of 2000 to April of 20006.  The government attempted to contact a sampling of victims but found it impossible to contact many due to the age of the identifying information available.  The government submits that it would be impracticable  for the government to identify and locate all of the victims and provide them with reasonable, accurate and timely notice, as well as the other prescribed rights, without unduly prolonging the proceedings.

The Court finds that the number of crime victims and the unavailability of current location of many of the same, makes it impracticable to accord all the crime victims the rights described in Title 18, United States Code, §3771(a).

Under these circumstances, 18 U.S.C. § 3771(d)(2) gives the Court the authority to "fashion a reasonable procedure to give effect to this chapter that does

not unduly complicate or prolong the proceedings." The government seeks

authorization to provide notice to the potential victims by publication of a Legal

Notice in the Cleveland Plain Dealer, the Akron Beacon Journal, and the Canton

Repository.  The text of the proposed notice is contained in the United States'

motion.

The Court adopts the proposal of notification suggested by the government.

The Court finds that notice by publication as outlined by the government in its

motion is a "reasonable procedure" that would give effect to the provisions of 18

U.S.C. §3771 without unduly complicating or prolonging the proceedings.

Accordingly, the United States is authorized to provide notice to the

potential victims in this case by the issuance of a publication, as outlined in its

motion, and by doing so, satisfy the provisions of 18 U.S.C. §3771.

IT IS SO ORDERED.


Dated: ____6/15/09____          *Christopher A Boyko*
                                CHRISTOPHER A. BOYKO
                                United states District Court Judge